IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Advanced Neuro Solutions, LLC | Case No.: _____ |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| UMR, Inc. | |
| Defendant. | |

**TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN AND PLAINTIFF, ADVANCED NEURO SOLUTIONS, LLC.**

**PLEASE TAKE NOTICE THAT** Defendant, UMR, Inc. ("UMR"), hereby submits this Notice of Removal of this case from the Circuit Court for Marathon County, Wisconsin, where it is now pending, to the United States District Court for the Western District of Wisconsin. The basis for removal is that this Court has original jurisdiction over this matter, which arise under the laws of the United States. 28 U.S.C. §§ 1331, 1441. This Notice of Removal has been timely filed under 28 U.S.C. § 1446(b). In support of removal, Defendant states the following:

1.      On or about May 12, 2026, Plaintiff, Advanced Neuro Solutions, LLC ("Plaintiff") initiated this case by filing a Summons and Complaint in the Circuit Court for Marathon County, Wisconsin, captioned *Advanced Neuro Solutions, LLC v. UMR, Inc.*, Case No. 2026CV000357 (the "State Court Action").

2.      UMR was served with the Summons and Complaint on May 15, 2026. Copies of all documents served on the Defendant in the State Court Action are attached hereto as **Exhibit 1**.

3.      In accordance with 28 U.S.C. § 1446(a), no other process, pleadings, or orders have been served in the State Court Action.

1

4.    This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b)(1) as it has been filed within thirty (30) days of the receipt of the Summons and Complaint.

5.    The Circuit Court for Marathon County, Wisconsin is located within the Western District of Wisconsin.  Accordingly, removal to this Court complies with the venue requirements of 28 U.S.C. § 1446(a).

6.    The written notice required pursuant to 28 U.S.C. § 1446(d) is being filed in the Circuit Court for Marathon County, Wisconsin and served upon Plaintiff.

**GROUNDS FOR REMOVAL – FEDERAL QUESTION JURISDICTION**

7.    This case is removable to federal court because Plaintiff's claims arise under federal law.  28 U.S.C. §§ 1331 & 1441(a).

8.    28 U.S.C. § 1441 authorizes a Defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).

9.    Federal courts have original jurisdiction over causes of action "arising under the Constitution, laws, or treaties of the United States." *City of Chi. v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997); *see also Trs. of Carpenters' Health & Welfare Tr. Fund v. Darr*, 694 F.3d 803, 806 (7th Cir. 2012).

10.    To determine whether a claim "arises under" the laws of the United States, courts adopt the "well-pleaded complaint rule," which evaluates whether "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. Claims created by federal law necessarily justify removal based on federal question jurisdiction. *See Gunn v. Minton*, 568 U.S. 251, 257 (2013).

11. Plaintiff pleads a cause of action for "enforcement of arbitration award" under the Federal No Surprises Act, 42 U.S.C. § 300gg-111 ("NSA"). (Compl. ¶¶ 43-48 (Count 1).) Because a "right or immunity" created by a federal law is an "element, and an essential one" of Plaintiff's claims, a federal question is implicated. *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127 (1974) (citation omitted). The existence of the IDR award, and Plaintiff's alleged entitlement to judicial relief (if any), arises solely from the NSA. (*See* Compl. ¶¶ 1-5, 32-34.)

12. In sum, because the Plaintiff asserts a direct cause of action under the NSA—a federal statute—removal of the Complaint from state to federal court is proper under 28 U.S.C. § 1441(a).

13. Federal courts also have supplemental jurisdiction, 28 U.S.C. § 1367(a), over "state law claims that 'derive from a common nucleus of operative fact' as federal claims" in cases removed from state to federal court. *See Int'l College of Surgeons*, 522 U.S. at 529; 28 U.S.C. § 1367(a) (stating that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy").

14. In addition to the direct cause of action under the NSA, the Complaint also asserts seven state law causes of action against UMR for enforcement of the NSA IDR Award: (1) unjust enrichment, (2) quantum meruit, (3) violation of Wisconsin prompt pay law,  (4) breach of the implied covenant of good faith and fair dealing, (5) insurance bad faith failure to pay, (6) breach of implied-in-fact-contract, and (7) declaratory judgment.  All of these causes of action are based on UMR's purported failure to pay NSA IDR Awards. (*See* **Exhibit 1**). Specifically, Plaintiff seeks damages of at least $42,032.53 (*i.e.*, the amount allegedly owed on the NSA IDR Award at issue). (Compl., ¶ 42.)

15.     Each of Plaintiff's claims necessarily state and raise a federal issue. Specifically, Plaintiff's claim is premised on one (1) IDR award which was obtained under the NSA, 42 U.S.C. § 300gg-111(c)—the federal regulatory framework for out-of-network providers, like Plaintiff, and health insurers, like UMR, to resolve certain out-of-network payment disputes. (Compl., ¶¶ 32-34, 42.)

16.     Plaintiff asserts that the NSA "establishes a process that may include an open negotiation period and, where applicable, [IDR]" for "certain out-of-network items and services" that is "required." (*Id.*, ¶¶ 2-3, 32.)

17.     When Plaintiff disagreed with the initial reimbursement purportedly allocated by UMR, it "engaged in open negotiation" and then "initiated IDR for applicable claims, consistent with the procedures established under the NSA and implementing regulations." (*Id.*, ¶ 2, 33.)

18.     Plaintiff alleges that it timely initiated the NSA's IDR proceeding against UMR, that IDR entities "issued determinations in Plaintiff's favor," and that it seeks payment of at least $42,032.53, the alleged unpaid amount awarded through the IDR proceeding. (Compl. ¶¶ 1-5, 32-34, 42.) Plaintiff further alleges that awards issued pursuant to the federal IDR process established by the NSA "are final and binding as to the amounts due." (*Id.*, ¶ 3.)

19.     In addition to the direct cause of action under the NSA, Plaintiff asserts additional causes of action arising under state law. (*See* Compl. ¶¶ 49-106 (Counts II-VIII).) This Court may exercise supplemental jurisdiction over the state law claims, which are intended as an alternative mechanism to enforce the underlying federal IDR award at issue in the Complaint. *See Int'l College of Surgeons*, 522 U.S. at 529; 28 U.S.C. § 1367(a).

20.     If there is a single federal question present in the complaint, then a district court "ha[s] supplemental jurisdiction over all other [related] claims." 28 U.S.C. § 1367. Specifically,

under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

21.     Thus, this Court has supplemental jurisdiction over any otherwise non-removable at-issue claims and/or causes of action and may determine all issues therein. The Court can and should exercise supplemental jurisdiction under 28 U.S.C. § 1367 over any such claims. Accordingly, this Court has jurisdiction over this entire action, and removal of the entire action is proper even when removable claims are joined with non-removable ones.

## **RESERVATION OF RIGHTS**

22.     UMR does not waive – and hereby expressly reserves – its right to assert any and all available legal defenses, including the right to assert such defenses in subsequent proceedings.

**WHEREFORE**, UMR, in this action described herein currently pending in the Circuit Court for Marathon County, Wisconsin, prays that this action be removed therefrom to this Honorable Court. UMR further requests that this matter remains in federal district court and that this Court exercise jurisdiction over all claims stated in Plaintiff's Complaint.

Dated: June 15, 2026                        Respectfully submitted,


/s/ *Kadee J. Anderson*
Kadee J. Anderson (MN Bar No. 0389902)
Jessica L. Knox (WI Bar No. 1134883)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 335-1500
Fax: (612) 335-1657
kadee.anderson@stinson.com
jessica.knox@stinson.com

***Attorneys for UMR, Inc.***